## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:15-CR-269 (TJM) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **ROBERT SNYDER,** | ) | Violations:   18 U.S.C. §§ 2252A(a)(2)(A) & (B) and (b)(1) [Receipt And Attempted Receipt of Child Pornography] |

U.S. DISTRICT COURT - N.D. OF N.Y.
# FILED
SEP 23 2015
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) [Possession Of Child Pornography]

18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) [Accessing With Intent To View And Possession Of Child Pornography]

8 Counts

Defendant.                                    County of Offense:   Tompkins

## THE GRAND JURY CHARGES:

### COUNT 1
### [Receipt and Attempted Receipt of Child Pornography]

On or about November 26, 2010, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

## COUNT 2
### [Receipt and Attempted Receipt of Child Pornography]

On or about December 5, 2010, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

## COUNT 3
### [Receipt and Attempted Receipt of Child Pornography]

On or about January 1, 2011, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

## COUNT 4
### [Receipt and Attempted Receipt of Child Pornography]

On or about January 15, 2011, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

## COUNT 5
### [Receipt and Attempted Receipt of Child Pornography]

On or about February 22, 2011, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

## COUNT 6
### [Possession of Child Pornography]

On or about October 27, 2014, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, knowingly possessed material that contained images of

3

child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant knowingly possessed a compact disk containing graphic image files depicting a minor engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

### COUNT 7
### [Accessing with Intent to View and Possession of Child Pornography]

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP P2-1310 Desktop Computer (S/N: 3CR2510D70) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

4

## COUNT 8
### [Accessing with Intent to View and Possession of Child Pornography]

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant **ROBERT SNYDER**, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP Pavilion p6000 Desktop Computer (S/N: MXX0380ZPB) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

## FORFEITURE ALLEGATION

1.      The allegations contained in Counts 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

2.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, **ROBERT SNYDER**, shall forfeit to the United States of America:

a.      Any visual depiction described in Title 18, United States Code, sections

2251, 2251A, 2252, or 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

The property to be forfeited includes, but is not limited to, the following:

a.  HP 8GB Thumb Drive 098TM3AC1.

b.  HP 4 GB Thumb Drive 005TM3BC1.

c.  Kingston 8GB Data Traveler Thumb Drive CH3944438.

d.  ScanDisk 32GB Cruzer Thumb Drive BM130723461B.

e.  Staples 4GB Relay Thumb Drive BH1006VIAB.

f.  ScanDisk 1GB Cruzer Thumb Drive BB0612O3B.

g.  ScanDisk 8GB Cruzer Thumb Drive BI0904NVPB.

h.  Kingston 2GB Data Traveler Thumb Drive CH 3927158.

i.  ScanDisk 2GB Data Traveler Thumb Drive CH 3927158 (I in black marker).

j.  ScanDisk 2GB Data Traveler Thumb Drive CH 3927158 (II in black marker).

k.  ScanDisk 2GB Data Traveler Thumb Drive CH 3927158 Silver "Recovery" written on side.

l.    Olympus XD 256 MB Picture Card.

m.    FujiFilm XD 16 MB Picture Card.

n.    Google Asus Tablet Computer MSQK008.

o.    HP P2-1310 Desktop Computer 3CR2510D70.

p.    HP Pavilion p6000 Desktop Computer MXX0380ZPB.

q.    Sony HandyCam Video Camera 1038355.

r.    Box of miscellaneous video tapes.

s.    Box of miscellaneous photos including travel photos and of children.

t.    Box of miscellaneous CDs/DVDs both commercially produced and recordable.

3.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

September 23, 2015

**REDACTED**

A TRUE BILL,

Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By: _____
Miroslav Lovric
Assistant United States Attorney

8