ATTACHMENT (1)

## COURT ORDERED QUESTIONNAIRE

U.S.A. v.   **Robert Snyder**             Case No.        3:15-CR-269 (TJM)

**Each attorney is required to submit the following information on behalf of his client for use by the assigned Judge during voir dire and must be filed with the Court ten (10) days in advance of the scheduled trial date.**

**Names and addresses of all defendants on trial.  Defense Counsel's firm name, address and the name of any partner or associate who may be at counsel table during the course of the trial.**

| Defendant(s) | Defense Counsel |
|---|---|
| ROBERT SNYDER | Daniel DeMaria |
| Oneida County Correctional Facility | Merchant law Group, LLP |
| 6075 Judd Rd. | 535 Fifth Ave. FL25 |
| Oriskany, NY  13424 | New York, New York  10017 |

**U.S. Attorney's name and office address.  Names and business address of any case agent or other government representative who will sit at counsel table.**

| AUSA Miroslav Lovric | SA Michael Connelly |
|---|---|
| Suite 304 Federal Building | U.S. Postal Inspector |
| 15 Henry Street | Child Exploitation Investigation |
| Binghamton, NY  13901 | Boston, MA  02210 |

**Set forth the date of each alleged criminal offense, the place of the offense, and a brief statement of the events central to the charges of each count in the indictment.**
  COUNT 1 Receipt and Attempted Receipt of Child Pornography

On or about November 26, 2010, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 2 Receipt and Attempted Receipt of Child Pornography

On or about December 5, 2010, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic

ATTACHMENT (1)

images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 3 Receipt and Attempted Receipt of Child Pornography

On or about January 1, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 4 Receipt and Attempted Receipt of Child Pornography

On or about January 15, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 5 Receipt and Attempted Receipt of Child Pornography

On or about February 22, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 6 Possession of Child Pornography

On or about October 27, 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly possessed material that contained images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed,

ATTACHMENT (1)

shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant knowingly possessed a compact disk containing graphic image files depicting a minor engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

COUNT 7 Accessing with Intent to View and Possession of Child Pornography

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP P2-1310 Desktop Computer (S/N: 3CR2510D70) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).
The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

COUNT 8 Accessing with Intent to View and Possession of Child Pornography

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP Pavilion p6000 Desktop Computer (S/N: MXX0380ZPB) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).
The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

**Set forth the names and addresses of all lay witnesses to be called.**

Michael Connelly, U.S. Postal Inspector, Boston, Massachusetts

Mark Scichilone, U.S. Postal Inspection Service, Boston, Massachusetts

Brian Bone, U.S. Postal Inspector, Boston, Massachusetts

ATTACHMENT (1)

Sgt. Lisa Belanger, Toronto, Canada Police

Sgt. Paul Krawczyk, Toronto, Canada Police

Matthew Ross, Detective Constable Toronto, Canada Police

**Set forth the names and addresses of all expert witnesses to be called giving a brief description of their area of expertise.**

Matthew Ross, Detective Constable Toronto, Canada Police; and

Mark Scichilone, U.S. Postal Inspection Service, Boston, Massachusetts

Matthew Ross (a Forensic examiner/analyst) was present when the search was conducted at the Azov premises in Canada.  He participated in the search of Azov computers and the physical premises.  He was present when materials were recovered and seized.  He will testify that: materials and records/documents were seized from Azov showing that Snyder ordered CP videos from Azov on 7 separate occasions-------this conduct is charged in Counts 1-5 of the indictment (government previously provided to the defense copies of all documents and records seized from Azov in connection with Snyder ordering; purchasing; and having shipped CP videos on 7 separate occasions; also the Snyder audio interview at his home----agents showed him the Azov order documents and he acknowledged that he ordered those items from Azov---but claimed that he did not receive a couple of them); that in addition to seizing and recovering documents showing Snyder's purchases/orders of CP videos, he also seized and recovered the exact same videos purchased/ordered by Snyder and which were shipped to Snyder via USPS or downloaded by Snyder via internet and computer; that the videos seized from Azov match the videos that Snyder ordered and purchased;  and that the videos introduced into evidence are in fact the videos found at Azov.  Ross will primarily be testifying about these things and items that were seized from; found at; and recovered from Azov.  His testimony is for the most part what he seized and recovered at Azov as opposed to any expert opinion.

Mark Scichilone (a Forensic examiner/analyst) was present at snyder's residence when he was interviewed (the entire interview was audio recorded).  He, and other agents, seized and searched a number of items found at snyder's residence.  Scichilone will testify that: seized at snyder's residence and examined were several CDs; one of those CDs was a video labelled Bangladesh and another CD was labeled My Photo Bangladesh (this is charged in Count 6 of the indictment) (on the audio recording you can actually hear Snyder telling agents how he created/produced the images using software and extracting the images from the full length video).  Scichilone will also testify that:  the Bangladesh video and Bangladesh boy images were found at snyder's residence; that Snyder told them how he created/produced the images using software to crop or focus on the boy's penis; and he will identify these CDs at trial.  Scichilone will also testify that: also seized at snyder's residence and thereafter examined/searched were an HP 1310 computer and an HP p6000 computer (on the audio you can hear Snyder telling agents what he used these computers

ATTACHMENT (1)

for, etc); found and located on both of these computers were numerous images of CP and some of it very hard core CP (these images are charged in Counts 7 & 8 of the indictment); the images were found in unallocated space on the two computers and that means that these images were at one time either saved on these computers or these computers were used to view these images which are now found in unallocated space (in the audio interview Snyder confessed that he used the computers to access and view CP on web sites on the internet); that also found on these two computers were numerous search terms associated with searching for CP, that is, terms placed into search engine software on these computers in order to search for specific CP materials on the internet (government previously provided to the defense print outs of these search terms---- and some of them are also included in the complaint affidavit which defense also received); that also found on these computers were search terms for CP web site IMGSRC.RU (a Russian CP site) (on audio of interview Snyder confessed to accessing and paying for site to view CP); that also found on these computers was snyder's email address bobs28ford@hotmail.com which Snyder used to access and sign up for site IMGSRC.RU (in audio interview Snyder confessed to these facts) and he also used this email as his confirmation email when purchasing Azov videos.

**Set forth a brief description of each and every count in the indictment.**
  COUNT 1 Receipt and Attempted Receipt of Child Pornography

On or about November 26, 2010, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 2 Receipt and Attempted Receipt of Child Pornography

On or about December 5, 2010, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 3 Receipt and Attempted Receipt of Child Pornography

On or about January 1, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic

ATTACHMENT (1)

video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 4 Receipt and Attempted Receipt of Child Pornography

On or about January 15, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant using a computer and the Internet ordered and purchased graphic video files depicting one or more minors engaged in sexually explicit conduct from a company in Toronto, Canada, which videos defendant downloaded to a computer in the Northern District of New York.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 5 Receipt and Attempted Receipt of Child Pornography

On or about February 22, 2011, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly received and attempted to receive child pornography and material that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, in that, the defendant received a video containing graphic images at his home in Etna, New York, by mail from a company in Toronto, Canada after he ordered and paid for the video by using a computer and the Internet.
In violation of Title 18, United States Code, Section 2252A(a)(2)(A) & (B) and(b)(1).

COUNT 6 Possession of Child Pornography

On or about October 27, 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, knowingly possessed material that contained images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in that, the defendant knowingly possessed a compact disk containing graphic image files depicting a minor engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

COUNT 7 Accessing with Intent to View and Possession of Child Pornography

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and

ATTACHMENT (1)

foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP P2-1310 Desktop Computer (S/N: 3CR2510D70) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).
The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

COUNT 8 Accessing with Intent to View and Possession of Child Pornography

From in or about November of 2010 through in or about October of 2014, in Tompkins County, in the Northern District of New York, defendant ROBERT SNYDER, did knowingly possess and access with intent to view material that contained one or more images of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is an HP Pavilion p6000 Desktop Computer (S/N: MXX0380ZPB) which was used to access and view, and which contained, numerous graphic image files of minors engaged in sexually explicit conduct.
In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).
The above violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

**Set forth a brief description of each and every affirmative defense asserted.**
Defendant has not provided any reciprocal discovery to the government or any notices to the government.

**PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one day or more postponement of the trial, appropriate monetary sanctions will be imposed by the Court.**

Dated: July 11, 2016          By:     /s/ Miroslav Lovric
                                      AUSA Miroslav Lovric
                                      Assistant United States Attorney
                                      Suite 304, Federal Building
                                      15 Henry Street
                                      Binghamton, NY 13901

ATTACHMENT (1)

Bar Roll No. 301490

**CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM**

I hereby certify that on July 11, 2016, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

/S/
Miroslav Lovric
Assistant U.S. Attorney